UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CODY BOILLOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-1452 |
| | ) | |
| ANGIE'S LIST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Cody Boillot ("Boillot"), by counsel, brings this Complaint against his former employer, Angie's List, Inc. ("Angie's List") for overtime compensation, retaliation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

### I.     PARTIES, VENUE AND JURISDICTION

1.     Plaintiff Cody Boillot ("Boillot") is a citizen and resident of Indiana, and was an employee of Angie's List from July 13, 2013, to September 4, 2015.

2.     Defendant Angie's List is an Indiana corporation authorized to do and doing business in Marion County, Indiana with its principal place of business located at 1030 East Washington Street, Indianapolis, IN 46202.

3.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the claims arise under the laws of the United States. Specifically, Boillot brings this action under the Fair Labor Standards Act of 1938 (FLSA), *as amended*, 29 U.S. C. § 201 *et seq.*

4.     Venue is proper pursuant to 28 U.S.C. § 1391 in that Angie's List is subject to personal jurisdiction in the Southern District of Indiana, Angie's List regularly conducts business

1

activities within the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana.

5.      At all relevant times, Angie's List was and is an enterprise engaged in commerce pursuant to the FLSA. It directed and controlled the terms, conditions, activities, duties and responsibilities of Boillot's employment.  Angie's List was Boillot's employer under the FLSA.

## II.      FACTUAL ALLEGATIONS

6.      Boillot hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

7.      Boillot worked in the sales department of Angie's List as an Ad Sales Consultant, or sales representative, from July 2013 to July 2014.

8.      As a sales representative, Boillot was a non-exempt employee pursuant to the FLSA.

9.      As a sales representative, Boillot regularly worked over forty hours in a workweek, but Angie's List did not pay him overtime compensation for all overtime hours worked.

10.      As a sales representative, Boillot was required to submit time records documenting his hours worked on a weekly basis.

11.      Angie's List, through its sales trainers, sales managers, sales directors, and/or other executives or officers, routinely and regularly instructed Boillot to under-report, or not to report, hours worked in excess of forty hours per week, in order to avoid paying overtime compensation to Boillot.

12.      As a sales representative, Boillot routinely worked in excess of forty hours per week, but did not report all hours worked because his supervisors instructed him to do that.

2

13.     Angie's List knew or should have known that Boillot regularly worked in excess of forty hours per week, but did not pay him for overtime hours worked.

14.     Boillot is a victim of Angie's List's practice of shorting him on overtime pay.

15.     Angie's List promoted Boillot to Sales Manager in July of 2014, and to "Top Gun" Sales Manager in February 2015.

16.     Following Boillot's promotion to a manager, Boillot became exempt from overtime. As a manager, Boillot observed that sales representatives under Boillot's supervision did not receive overtime pay for overtime hours worked at Angie's List.

17.     In the summer of 2015, Boillot complained in person on multiple occasions about Angie's List's widespread practice of failing to pay overtime compensation to its sales representatives. Boillot made oral complaints about the company's failure to pay overtime wages earned to Ed Sherman, Angie's List's Senior Director of Sales Origination, Mike Rutz, the former Vice President of Sales Origination, Jeff Barnard, Human Resources Manager, and Angie Woods, Senior Human Resources Manager.

18.     Angie's List took no steps to begin paying overtime compensation to sales representatives in response to Boillot's complaints.

19.     In August of 2015, Boillot instructed the sales representatives under his supervision that they should report their hours accurately, even if they worked overtime. Alternatively, he told them that they were permitted to go home and stop working for the week after they had worked 40 hours during a week. Boillot's sales team exceeded its sales targets for the month of August.

20. On September 4, 2015, Angie's List terminated Boillot's employment. Angie's List provided no reason for Boillot's termination, other than the statement that there was "not a spot" for him.

### III. LEGAL ALLEGATIONS

### COUNT I: FLSA Overtime Compensation Due for Sales Representative Work

21. Boillot hereby incorporates all other paragraphs of this Complaint by reference as if fully set forth here.

22. Pursuant to 29 U.S.C. § 207, Defendant was required not to employ Boillot as a sales representative for a workweek longer than forty hours without paying compensation for his employment at a rate not less than one and one-half times his regular rate of pay.

23. During Boillot's employment as a sales represetative, he frequently worked in excess of forty hours in a workweek.

24. Defendant willfully, negligently, without good faith, knowingly, intentionally, and/or in bad faith, failed to pay Boillot overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

25. Pursuant to 29 U.S.C. § 216(b), Boillot seeks to recover and is entitled to recover his unpaid overtime compensation, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and other appropriate legal and equitable relief, all costs of these proceedings, and attorneys' fees.

### COUNT II: FLSA Retaliation for Termination from Management Position

26. Boillot hereby incorporates by reference all other paragraphs of this Complaint by reference as if fully set forth here.

27.     On numerous occasions, Boillot engaged in protected activity by complaining to Defendant and/or its agents about Defendant's violations of § 207(a) of the FLSA.

28.     Boillot was performing his job in accordance with Defendant's legitimate performance expectations.

29.     Defendant terminated Boillot's employment on September 4, 2015.

30.     A causal connection exists between Boillot's complaints about Defendant's failure to pay overtime compensation to its sales representatives and his involuntary discharge from employment by Angie's List.

31.     Defendant's termination of Boillot violated § 215(a)(3) of the FLSA.

## RELIEF REQUESTED

Cody Boillot requests the following relief:

(a)     the full amount of his unpaid and/or underpaid overtime compensation in violation of § 207(a), and equal amounts as liquidated damages;

(b)     the payment of lost wages and benefits, including back pay and front pay, because of this termination in violation of § 215(a)(3), and equal amounts as liquidated damages;

(c)     pre-judgment and post-judgment interest;

(d)     costs, expenses, and attorneys' fees; and

(e)     all other damages to which he may be entitled.

Respectfully submitted,


   _/s/ Kathleen A. DeLaney_
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205

## **JURY DEMAND**

Plaintiff Cody Boillot respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,


___/s/ Kathleen A. DeLaney_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN  46205

6